# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DIANA L. SHOVLIN,**

      **Plaintiff,**

**v.**                                          Case No: 6:18-cv-308-Orl-31GJK

**BAYVIEW LOAN SERVICING, LLC,**

      **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss Counts I and II (Doc. 18) filed by the Defendant, Bayview Loan Servicing, LLC ("Bayview"), and the response in opposition (Doc. 27) filed by the Plaintiff, Diana Shovlin ("Shovlin").

### I. Background

According to the allegations of Shovlin's Amended Complaint (Doc. 20), which are accepted in pertinent part as true for purposes of resolving the instant motion, Bayview filed a mortgage foreclosure action against Shovlin in state court in Brevard County in February 2016. (Doc. 20 at 4). At some point, Shovlin sent a debt dispute letter to Bayview. (Doc. 20 at 4). In its response, dated June 13, 2017 (henceforth, the "June 13 Letter"), Bayview listed, *inter alia*, amounts owed for attorney fees and costs from an earlier mortgage foreclosure action that had been filed by Bank of America, N.A. ("Bank of America"). (Doc. 20 at 5-6). Shovlin prevailed in that earlier proceeding[1] and contends that, as a result, she cannot subsequently be held

---

[1] According to the copy of the judgment attached by Shovlin to her Amended Complaint, the court ruled in her favor at summary judgment because the lender's notice of breach did not include all of the information required by the mortgage.

responsible for Bank of America's fees and costs in that action. (Doc. 20 at 5). Shovlin also contends that in July 2017 a Bayview employee improperly contacted her directly, despite knowing that she was represented by counsel. (Doc. 20 at 6).

On March 18, 2018, Shovlin filed the instant suit, asserting two claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (the "FDCPA") based on Bayview's allegedly improper effort to collect the fees and costs from the earlier foreclosure action in its June 13 Letter.[2] By way of the instant motion, Bayview seeks dismissal of both of these counts, arguing that the June 13 Letter was not an attempt to collect a debt, and that, even assuming it was such an attempt, Shovlin's mortgage gives it the right to collect fees and costs even for an unsuccessful foreclosure proceeding.

## II. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir.1984). In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988). The

---

[2] In Count III and Count IV of her Amended Complaint, Shovlin also asserts claims based on the allegedly improper communication she received from a Bayview employee in July 2017. However, Bayview is not seeking dismissal of those counts.

Court must also limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. at 1949 (internal citations and quotations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

### III.     Analysis

> In enacting the FDCPA, Congress sought "to eliminate abusive debt
> collection practices by debt collectors, to insure that those debt
> collectors who refrain from using abusive debt collection practices
> are not competitively disadvantaged, and to promote consistent State
> action to protect consumers against debt collection abuses." 15
> U.S.C. § 1692(e); *Brown v. Budget Rent–A–Car Syss., Inc.*, 119 F.3d
> 922, 924 (11th Cir. 1997) (*per curiam*). Accordingly, the FDCPA
> prohibits debt collectors from using "any false, deceptive, or
> misleading representation or means in connection with the collection
> of any debt" as well as the use of "unfair or unconscionable" means
> of collection. 15 U.S.C. §§ 1692e and 1692f.

*LeBlanc v. Unifund CCR Partners*, 801 F.3d 1185, 1190 (11th Cir. 2010) (*per curiam*). To prevail on an FDCPA claim, a plaintiff must establish that (1) she has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a "debt collector" under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA. *Valle v. First National Collection Bureau, Inc.*, 252 F.Supp.3d 1332, 1336 (S.D. Fla. 2017). Violations of the FDCPA are assessed using the "least sophisticated consumer" standard, which "looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters." *Id.*

Shovlin contends that Bayview's inclusion of the fees and costs from the earlier foreclosure proceedings as a debt she owed constituted a "false, deceptive, or misleading representation in connection with the collection of a debt," as prohibited by 15 U.S.C. § 1692e. Bayview disputes both aspects of this statement. First, Bayview argues that the June 13 Letter – which Shovlin attached to her Amended Complaint – was not sent in connection with the collection of a debt. Rather, Bayview contends, it was "induced" by Shovlin's debt dispute letter. (Doc. 27 at 3). Bayview points out that the letter did not include an amount due, did not threaten consequences for nonpayment, and did not explain how payments could be made. (Doc. 27 at 3).

To determine whether a particular communication qualifies as has having been made "in connection with the collection of a debt," courts look to a number of factors, including:

> 1. the nature of the relationship of the parties;
>
> 2. whether the communication expressly demanded payment or stated a balance due;
>
> 3. whether it was sent in response to an inquiry or request by the debtor;
>
> 4. whether the statements were part of a strategy to make payment more likely;

> 5. whether the communication was from a debt collector;
>
> 6. whether it stated that it was an attempt to collect a debt; and
>
> 7. whether it threatened consequences should the debtor fail to pay.

*Bohringer v. Bayview Loan Servicing*, LLC, 141 F. Supp. 3d 1229, 1240-41 (S.D. Fla. 2015) (citing *Goodson v. Bank of Am., N.A.*, 600 Fed. Appx. 422, 431 (6th Cir.2015)). Shovlin asserts that the following factors suggest that the June 13 Letter was an attempt to collect a debt:

> 1. The parties' relationship is that of debt collector and debtor.
>
> 2. The letter stated that "the account is currently due for December 1, 2011 and subsequent payments" and included a "Principal and Interest Payment" amount of $648.40 and a "Current Principal Balance" of $93,260. Shevlin characterizes these statements as "an express demand for payment." (Doc. 27 at 11).
>
> 3. Shevlin argues that her disputing of the debt was not an "inquiry" or "request" that would justify sending her the June 13 Letter.
>
> 4. Shevlin contends that the June 13 Letter was part of a strategy to make payment more likely, in that, *inter alia*, Bayview noted it had "authority for collection efforts and foreclosure proceedings". Bayview also suggested she contact "Guy Hinkley" in Bayview's "Asset Management Department" for "payment assistance". Hinkley is the employee who allegedly improperly contacted Shevlin on July 26, 2017, at which time he inquired about the status of her bankruptcy proceedings (though she had not filed any) and asked whether she wanted to liquidate her home. (Doc. 20 at 6). When informed that Shevlin was represented by counsel, Hinkley said Bayview had been unable to contact him. (Doc. 20 at 6).
>
> 5. Bayview does not dispute that it is a debt collector.
>
> 6. The June 13 Letter included boilerplate stating that "This letter is an attempt to collect a debt."
>
> 7. As noted above, Bayview informed Shevlin in the June 13 Letter that it had "authority for collection efforts and foreclosure proceedings."

Thus, at least some of the factors point toward a finding that the June 13 Letter was an effort to collect a debt. Bayview cites a number of cases in which some but not all of the factors were present that come out in its favor, but none of them is precisely on point, particularly given Shevlin's allegation about the subsequent contact by Guy Hinkley. Given that the factors do not clearly tip to one side or the other, the Court cannot, at this stage of the proceedings, conclude that the letter was not at least in part an effort to collect a debt from Shevlin.

In the alternative, Bayview argues that Shovlin has failed to state a claim in Counts I and II because it was entitled under Shovlin's mortgage to collect the fees and costs for the earlier foreclosure action, even though Shovlin prevailed in that case. However, Shovlin did not attach a copy of the mortgage to her pleading. As a general rule, the Court cannot consider materials outside the pleadings on a motion to dismiss unless they are central to the plaintiff's claim. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). In this case, while the mortgage is central to Bayview's defense, the Court does not find that it is central to Shovlin's FDCPA claim and cannot be considered in connection with the instant motion.

### IV. Conclusion

In consideration of the foregoing, it is hereby **ORDERED** that the Motion to Dismiss (Doc. 24) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 28, 2018.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE